IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO WEIGHT LOSS AND WELLNESS CLINIC INC., <br><br> Defendant. | Case No. 1:24-cv-11539 <br><br> Judge Manish S. Shah |

**AGREED MOTION FOR ENTRY OF PERMANENT INJUNCTION
AND FINAL JUDGMENT BY CONSENT**

Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. ("Novo Nordisk" or "Plaintiffs"), with the agreement of Defendant Chicago Weight Loss and Wellness Clinic Inc. ("Defendant"), respectfully move this Court to enter a final judgment in this action in favor of Plaintiffs. In support of this motion, Plaintiffs state as follows:

1. Novo Nordisk filed this Complaint on November 8, 2024 (Dkt #1) alleging false advertising, unfair competition, and deceptive trade practices in violation of sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1.

2. The parties have agreed to a confidential settlement agreement to resolve Plaintiffs' claims.

1

3. The Parties have agreed to and signed a proposed final judgment and a proposed permanent injunction ("Final Judgment") and ("Permanent Injunction") which have been sent to the Court separately via email.

4. In accordance with *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996), the proposed consent decree resolves claims which are within this Court's jurisdiction. Specifically, it resolves claims brought under the Lanham Act, which the Court has subject matter jurisdiction over pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), as well as claims brought under the Illinois Uniform Deceptive Trade Practices Act and common law, which the Court has supplemental jurisdiction over pursuant to 28 U.S.C. § 1338(b).

5. The relief provided by the Final Judgment and Permanent Injunction also directly remedies and comes within the scope of Plaintiffs' claims. Specifically, the relief provided in the Final Judgment and Permanent Injunction would resolve Plaintiffs' false advertising and unfair and deceptive trade practices claims by requiring Defendant to make certain disclosures about Unapproved Compounded Drugs, by enjoining Defendant from using Novo Nordisk marks, and by enjoining Defendant from making certain false and misleading statements about Unapproved Compounded Drugs. Because the Final Judgment and Permanent Injunction address actions by the Defendant that led to consumer deception, the exploitation of Plaintiffs' trademarks, and misrepresentations of material facts, they are within the scope of the Lanham Act, Illinois Uniform Deceptive Trade Practices Act, and common law claims pled in Plaintiffs' complaint. This relief would prevent any additional misrepresentations or deceptions, thus protecting Plaintiffs' rights as well as the right of the buying public to be free from deception.

6. The proposed relief would also "further the objectives of the law upon which the complaint was based." *Komyatti*, 96 F.3d at 960. The permanent injunction and related relief

would prevent further false or misleading advertisements and other forms of unfair competition, which directly promotes the goals of both the Lanham Act and the related state law claims. *See, e.g.*, *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108 (2014) (stating that the Lanham Act's purpose is "protect[ing] persons engaged in [commerce within the control of Congress] against unfair competition"); *Lyne v. Arthur Andersen & Co.*, 772 F. Supp. 1064, 1068 (N.D. Ill. 1991) ("The purpose of the Consumer Fraud Act is to protect consumers, borrowers and businessmen against fraud and unfair or deceptive acts or practices in the conduct of any trade or commerce"). The relief in the Final Judgment and Permanent Injunction is thus consistent with applicable law, and none of the proposed relief would violate the Constitution.

7. Further, the Final Judgment and the Permanent Injunction will not undermine any interests of third parties, as Plaintiffs themselves are the holders of the Ozempic®, Wegovy®, and Rybelsus® trademarks. In addition, the prevention of misleading and false advertising serves the public interest in being free from confusion or deception in the marketplace *See POM Wonderful*, 573 U.S. at 108.

8. Similarly, the parties agree that this agreement is fair, reasonable, and adequate to protect their respective rights as well as the rights of patients. "Among the factors that a district court should consider when it makes this "fairness" determination are: a comparison of the strengths of plaintiffs' case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *E.E.O.C. v. Hiram Walker & Sons Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). The Parties agree that the amount of the confidential settlement offer is proportional to the strength of Plaintiffs' case; the settlement obviates the need for burdensome and

potentially lengthy litigation involving multiple experts; there is no opposition to the settlement by any affected party; counsel agrees that the settlement and related relief are fair and reasonable; and a limited yet adequate amount of discovery has been exchanged to inform the parties' negotiations. *See id.*

9.  Upon entry of the Final Judgment and Permanent Injunction, the parties respectfully request this case be dismissed without prejudice with leave to reinstate on or before December 5, 2026 – for the sole purpose of ensuring enforcement – after which point the case shall be deemed to be, without further order of the Court, dismissed with prejudice.[1]

## CONCLUSION

For the reasons stated above, the parties respectfully move this Court to enter the Final Judgment and the Permanent Injunction in favor of Plaintiffs and against Defendant.

---

[1] *See Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006): "the district court should state that judgment is being entered in order to allow the parties to enforce it and that the "without prejudice" language shall not allow them to reopen issues resolved by the judgment."

DATED: December 5, 2025

Respectfully Submitted,

/s/ Brigid Carmichael
Suyash Agrawal
Hillary W. Coustan
Brigid Carmichael
**Massey & Gail LLP**
50 E. Washington St., Ste. 400
Chicago, Illinois 60602
(312) 379-0949
sagrawal@masseygail.com
hcoustan@masseygail.com
bcarmichael@masseygail.com

*Attorneys for Plaintiffs
Novo Nordisk A/S and
Novo Nordisk Inc.*

/s/ Jason Balogh
Jason Oliver Balogh
**Balogh Law Ltd.**
6680 Alhambra Ave. Ste. 101
Martinez, CA 94553
925-575-8056
jason@baloghlaw.com

*Attorney for Defendant Chicago Weight
Loss and Wellness Clinic*