IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO WEIGHT LOSS AND WELLNESS CLINIC INC., <br><br> Defendant. | Case No. 1:24-cv-11539 <br><br> Judge Manish S. Shah |

## FINAL JUDGMENT ON CONSENT

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on November 8, 2024, and that Defendant Chicago Weight Loss and Wellness Clinic Inc. ("Chicago Weight Loss") was served with the Complaint and, through counsel, filed its Answer herein on March 5, 2025; and

It further appearing that the parties have agreed to settle and resolve this matter without further formal proceedings herein, and, as indicated by the signatures below, have consented to entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the consent of counsel for Plaintiffs and counsel for Defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant Chicago Weight Loss.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2.      Plaintiff Novo Nordisk's Complaint states causes of action against Defendant Chicago Weight Loss for false advertising, unfair competition, and deceptive and unfair trade practices in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. Ann. 510/1 *et seq*.

3.      Without the consent of Plaintiff Novo Nordisk, Defendant Chicago Weight Loss has engaged in advertising, marketing, or promotion of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs") that falsely suggests that:  (i) the Unapproved Compounded Drugs offered by Defendant Chicago Weight Loss achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; and/or (ii) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and/or that the Unapproved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines.

4.      Defendant Chicago Weight Loss's actions as described above are likely to cause deception and violate Novo Nordisk's rights under the Lanham Act and state law.

5.      The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

6. Judgment is hereby entered in favor of Plaintiff Novo Nordisk as set forth above. To allow the parties to enforce this Judgement, this case is hereby dismissed without prejudice with leave to reinstate on or before December 5, 2026 after which point the case shall be deemed, without further order of the Court, to be dismissed with prejudice.[1]

7. This Final Judgment shall be deemed to have been served on Defendant Chicago Weight Loss, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this 10th day of December, 2025.

MANISH S. SHAH
UNITED STATES DISTRICT JUDGE

---

[1] *See Shapo v. Engle,* 463 F.3d 641, 646 (7th Cir. 2006): "the district court should state that judgment is being entered in order to allow the parties to enforce it and that the "without prejudice" language shall not allow them to reopen issues resolved by the judgment."

CONSENTED TO:

| | |
|---|---|
| *Brigid Carmichael* | *Jason Balogh* |
| Suyash Agrawal | Jason Oliver Balogh |
| Hillary W. Coustan | **Balogh Law Ltd.** |
| Brigid Carmichael | 6680 Alhambra Ave. Ste. 101 |
| **Massey & Gail LLP** | Martinez, CA 94553 |
| 50 E Washington Street, Suite 400 | 925-575-8056 |
| Chicago, Illinois 60602 | |
| (312) 379-0949 | |
| | jason@baloghlaw.com |
| sagrawal@masseygail.com | |
| hcoustan@masseygail.com | *Attorney for Defendant Chicago Weight* |
| bcarmichael@masseygail.com | *Loss and Wellness Clinic* |
| | |
| *Attorneys for Plaintiffs Novo Nordisk A/S* | |
| *and Novo Nordisk Inc.* | |